IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00132-MR

| | |
|---|---|
| KENNETH DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SHANTE SCARBOROUGH, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the *pro se* Complaint [Doc. 1]. Also pending is the Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction. [Doc. 1 at 24]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 6].

## I.  BACKGROUND

The *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred on October 2, 2020 while he was released pursuant to the Extending the Limits of Confinement ("ELC") program in Mecklenburg County.[1]  He names as

---

[1] The Plaintiff filed the Complaint while he was incarcerated at the Lumberton Correctional Institution, and he is presently incarcerated at the Anson Correctional Institution. The Plaintiff's address of record has not been updated with the Court. The Plaintiff is reminded that it is his responsibility to keep the Court apprised of his current address at all times;

Defendants in their official and individual capacities: Shante Scarborough,[2] who appears to be a North Carolina Department of Public Safety ("NCDPS") probation and parole officer in Mecklenburg County; and Rocky Lutz, Plaintiff's criminal defense attorney. The Plaintiff alleges that the Defendants violated his Fourth and Fourteenth Amendment rights. [Doc. 1].

As injury, the Plaintiff alleges that his continued incarceration places him at an imminent risk of harm from potential COVID-19 exposure and has caused him serious physical and emotional injury and damages. [Id. at 11]. He seeks a temporary restraining order/preliminary injunctive relief for his immediate restoration to ELC, compensatory and punitive damages, and any such further relief to which he is entitled. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. §

---

the failure to do so may result in this action's dismissal for lack of prosecution. [See Doc. 3].

[2] The Plaintiff also refers to this Defendant as "Shantae Scarborough." [Doc. 1 at 26].

1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

#### A. Individuals not named as Defendants

As a preliminary matter, the body of the Complaint refers to individuals who are not named as Defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. See, e.g., [Doc. 1 at 4] (referring to

"correctional personnel"). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

### B. Defendant Lutz

The Plaintiff attempts to assert a claim against his appointed criminal defense lawyer. However, Plaintiff makes absolutely no factual allegations to support the contention that Defendant Lutz was acting under the color of state law during the criminal representation. See generally Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system."). As such, Defendant Lutz is not subject to suit under § 1983 and will be dismissed from this action.

### C. Defendant Scarborough

The Plaintiff names Defendant Scarborough in her official and individual capacities.

4

As a preliminary matter, the Plaintiff asserts claims for damages and injunctive relief against Defendant Scarborough in her official capacity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). The Plaintiff's claims against Defendant Scarborough, an NCDPS probation officer, for damages are barred by the Eleventh Amendment. The Plaintiff's claims for injunctive relief will be dismissed because the Plaintiff has failed to plausibly allege that Defendant Scarborough, as a probation officer, has any authority to authorize his release to ELC. See, e.g., Gilmore v. Bostic, 659 F.Supp.2d 755 (S.D. W. Va. Sept. 22, 2009) (finding that the prisoner could not seek prospective injunctive relief against a probation officer, as the officer lacked any authority to provide the prisoner with any relief relating to his classification, parole, or any other conditions of his incarceration). The claims against Defendant Scarborough in her official

5

Case 3:21-cv-00132-MR   Document 8   Filed 03/18/22   Page 5 of 9

capacity for damages and injunctive relief have failed to pass initial review and are therefore dismissed.

First, the Plaintiff asserts a claim for false arrest/false imprisonment against Defendant Scarborough in her individual capacity for arresting him without probable cause or a valid warrant. [Doc. 1 at 4]. Section 1983 provides a federal cause of action for Fourth Amendment false arrest. Wallace v. Kato, 549 U.S. 384 (2007). "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace, 549 U.S. at 387-88. To state such a claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process, unsupported by probable cause, and the criminal proceedings terminated in plaintiffs' favor. Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012).

Taking the allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, the Court finds that the Plaintiff has stated a Fourth Amendment claim against Defendant Scarborough for false arrest/false imprisonment that is sufficient to survive initial review.

Second, the Plaintiff appears to assert a claim against Defendant Scarborough in her individual capacity for revoking his ELC without due process. In order to establish a due process violation, "a plaintiff must first show that he has a constitutionally protected 'liberty' or 'property' interest,

6

and that he has been 'deprived' of that protected interest by some form of 'state action.'" Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988) (citations omitted). If the plaintiff makes such showing, the court considers what process was required and whether any provided was adequate in the particular factual context. Id.

Assuming *arguendo* that the Plaintiff had a liberty interest in remaining on ELC, he has minimally stated a plausible § 1983 claim against Defendant Scarborough for removing him from ELC without due process. This claim will be allowed to pass initial review at this time.

### D. Preliminary Injunctive Relief

Finally, the Plaintiff seeks a preliminary injunction requiring his immediate restoration to ELC. [Doc. 1 at 24].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public

consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20.

Here, the Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. The Court will, therefore, deny the Plaintiff's request that he be immediately restored to the ELC program.

## IV. CONCLUSION

In sum, the Complaint has survived initial review against Defendant Scarborough in her individual capacity on claims of false arrest/ false imprisonment, and violating due process. The remaining claims are dismissed. The Plaintiff's Motion for Temporary Restraining Order/ Preliminary Injunction is denied.

In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Scarborough, who is alleged to be a current or former employee of NCDPS.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's claims for false arrest/false imprisonment and a due process violation against Defendant Scarborough, in her individual capacity, survive initial review in accordance with this Order.

(2) The Plaintiff's remaining claims are **DISMISSED**.

(3) The Plaintiff's Motion for Temporary Restraining Order/ Preliminary Injunction [Doc. 1 at 24] is **DENIED**.

(4) The Clerk shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Scarborough, who is alleged to be a current or former employee of NCDPS.

(5) The Clerk of Court is respectfully instructed to mail the Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED.**

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge

9

Case 3:21-cv-00132-MR   Document 8   Filed 03/18/22   Page 9 of 9