IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00132-MR

| | |
|---|---|
| KENNETH DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SHANTE SCARBOROUGH, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Lumberton Correctional Institution, addressing incidents that allegedly occurred while he was released pursuant to the Extending the Limits of Confinement (ELC) program in Mecklenburg County. [Doc. 1]. The Complaint passed initial review against Defendant Shante Scarborough, a North Carolina Department of Public Safety (NCPLS) probation and parole officer, who has now filed an Answer. [Docs. 8, 14].

The Plaintiff was notified upon commencing this action, and again in the Order on initial review, that it is his "responsibility to keep the Court advised of his … current address at all times" and that the failure to do so may result in this action's dismissal for lack of prosecution. [Doc. 3 at 2; Doc.

8 at 1, n. 1]. The Plaintiff has now been released from custody, and he has not notified the Court of his new address.[1]

On July 29, 2022, the Court ordered the Plaintiff to update his address of record and inform the Court whether he intends to proceed with this action, within 10 days. [Doc. 15]. Copies of the Order were mailed to the Plaintiff at his address of record, as well as to an address obtained from Mecklenburg County. The Plaintiff was cautioned that "[f]ailure to comply with this Order will result in dismissal of this action without prejudice and this case's closure without further notice to the Plaintiff." [Id. at 2]. The Plaintiff failed to respond to the July 29 Order, and the time to do so has expired.

The Plaintiff appears to have abandoned this action, and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal,

---

[1] According to the North Carolina Department of Public Safety's website, the Plaintiff was released from incarceration on November 14, 2021, and he completed parole on August 11, 2022. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0101725&searchOffenderId=0101725&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Sept. 1, 2022); Fed. R. Evid. 201.

2

Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED.**

Signed: September 2, 2022

Martin Reidinger
Chief United States District Judge